**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (297557)
ryan@kazlg.com
Aryanna Young, Esq. (344361)
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Warren Ingram

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Warren Ingram,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STOCKEARNINGS, INC.**<br><br>**Defendant.** | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C)**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.     The United States Congress has recognized the need to protect the privacy of consumers and reduce public safety risks associated with receiving unwanted telemarketer and debt-collector text messages. As such, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, to protect consumers from harmful telemarketing practices.

2.     Plaintiff WARREN INGRAM ("Plaintiff") brings this action for damages and injunctive relief, and any other available legal or equitable remedies,

1 resulting from the illegal actions of defendant STOCKEARNINGS, INC ("Defendant") with regard to attempts by Defendant to negligently, knowingly and/or willfully transmit unsolicited, text messages to the cellular telephones of Plaintiff, without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading the privacy of Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## NATURE OF THE ACTION

6. In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), in response to complaints about abusive telemarketing practices.

7. In enacting the TCPA, Congress intended to give consumers a choice as to how telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

8. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

9. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

10. The transmission of an unsolicited text messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

### JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law, 47 U.S.C § 227 et seq., the TCPA. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

12. Because Defendant directs and conducts business within the State of California and this judicial district, personal jurisdiction is established.

13. Personal jurisdiction and venue are proper in the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant.

14. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on his cellular telephone, which occurred while Plaintiff was located in the City of San Jose, State of California, which is within this judicial district.

**PARTIES**

15. Plaintiff is an individual residing in the City of San Jose, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, is, and at all times mentioned herein a company who offers financial services dedicated in providing research on stock earnings, through their "Volatility Model" which allegedly predicts price movement after Earnings are released, headquartered in Delaware. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the City of San Jose, within this judicial district.

17. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

18. At all times relevant, Plaintiff is an individual residing within the State of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

19. Plaintiff has been on the Do Not Call Registry since July 14, 2022.

20. Plaintiff's phone is used for residential purposes only including personal calls to friends and family.

21. On around May 29, 2022, Plaintiff received a text message from Defendant including their website and promoting their Memorial Day Sale. This sale was in regards to their Stock Earnings Premium Membership.

22. From May 29, 2022, to approximately October 8, 2022, Defendant sent Plaintiff text messages regarding stock information weekly. At some points during this time period, Defendant sent text messages to Plaintiff almost daily. During this time, Plaintiff received an approximate total of eighty (80) text messages from Defendant, all with the similar premise as the text message outlined above. Defendant identified itself on most, if not all, of the text messages sent to Plaintiff.

23. Presently, Defendant is still texting Plaintiff, and Plaintiff estimates he has received two hundred (200) text messages as of the filing of this Complaint.

24. Plaintiff was confused, frustrated and annoyed as to why he was being bombarded with text messages from Defendant when he had registered his phone number on the national Do Not Call registry.

25. Plaintiff is informed and believes and here upon alleges, that these text messages were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

26. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

27. Defendant's text messages forced Plaintiff to live without significant memory space in his cellular phone by occupying his telephone with multiple unwanted text messages, causing nuisance and lost time.

28. The telephone number Defendant or its agent messaged was a personal cellular device of Plaintiff, and the message received by Plaintiff constituted a "telephonic solicitation" as defined in 47 U.S.C § 227(a)(4).

29. Defendant's messages to Plaintiff's cellular telephone number were unsolicited by Plaintiff and were placed after Plaintiff had properly been registered for the DNC list. Therefore, Defendant did not have "prior express consent" to message Plaintiff as prohibited by 47 U.S.C § 227(b)(1)(A).

**FIRST CAUSE OF ACTION**
**NEGLIGENT AND KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(C)(5)**

30. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

31. Defendant's sending of multiple text messages to Plaintiff after Plaintiff was registered on the National Do-Not-Call Registry violated 47 U.S.C. § 227(c).

32. The forgoing acts and omissions of Defendant constitute numerous and

multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*. Defendant's repeated text messages, without any prior express consent.

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to, and does seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is also entitled to, and does seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff is entitled to, and does seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

36. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff is also entitled to, and does seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

**FIRST CAUSE OF ACTION**
**NEGLIGENT AND KNOWING VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***

- An award of $500.00 in statutory damages to Plaintiff for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Treble Damages for willful violations;
- Actual damages;
- Any other further relief that the court may deem just and proper.

///
///

## JURY DEMAND

37. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 28, 2024                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/Ryan L. McBride
    RYAN MCBRIDE, ESQ.
    ryan@kazlg.com
    ATTORNEY FOR PLAINTIFF